UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Criminal Case No. 15-20709
    Honorable Linda V. Parker

RAYMEL GREENE,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO DRUG OFFENSE AND DENYING WITHOUT PREJUDICE REQUEST FOR COMPASSIONATE RELEASE**

On December 9, 2015, Defendant pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). On March 29, 2019, the Court sentenced Defendant to a term of imprisonment of 120 months. The matter is presently before the Court on Defendant's Motion for Retroactive Application of Sentencing Guidelines to Drug Offense (ECF No. 29) and Defendant's Request for Compassionate Release (ECF Nos. 33, 42). The Government opposes Defendant's requests for relief. (ECF Nos. 32, 38, 44.)

Defendant was sentenced as a career offender under United States Sentencing Guideline § 4B1.1(a) due to his two prior convictions for controlled

substance offenses: delivery of marijuana and delivery/manufacturing a narcotic/cocaine less than 50 grams. In his first motion, Defendant seeks resentencing in light of the Sixth Circuit's decision in *United States v. Powell*, 781 F. App'x 487 (6th Cir. 2019). *Powell* applied the Sixth Circuit's holding in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), that attempt crimes no longer qualify as controlled substance offenses under the sentencing guidelines for purposes of the career offender enhancement. *Powell*, 781 F. App'x at 490 (citing *Havis*, 927 F.3d at 386-87).

In his second motion, Defendant seeks release from prison based on the novel coronavirus (COVID-19) for which there is a greater risk of infection for incarcerated individuals and a particular risk of serious illness or death to individuals like Defendant with underlying medical conditions. Defendant indicates that he suffers from latent tuberculosis infections, which caused damage to his lungs.

A district court is authorized to modify a defendant's sentence only in those instances where Congress has granted it jurisdiction to do so. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). In 18 U.S.C. § 3582(c), Congress provided that a court may *not* modify a term of imprisonment once it has been imposed except in the three limited circumstances set forth in the statute: (1) upon motion by the Director of the Bureau of Prisons or the defendant based upon

"extraordinary and compelling circumstances" or where the defendant is at least 70 years of age, has served at least 30 years in prison, and is not a danger to the safety of any person; (2) as permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) where the applicable sentencing guideline range has been retroactively lowered by the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)-(2).  Prior to filing a "compassionate release" motion based on "extraordinary and compelling circumstances," a defendant must "fully exhaust[] all administrative rights" or wait "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* § 3582(c)(1).

The Sixth Circuit's decisions in *Powell* and *Havis* do not fall within any of the limited circumstances where courts are empowered to modify a defendant's sentence under § 3582(c).[1]  Those decisions interpreted U.S.S.G. § 4B1.2(b), concluding that the text of the guideline "makes clear that attempt crimes do not qualify as controlled substance offenses." *Havis*, 927 F.3d at 387.  The Sixth

---

[1] Defendant also does not have a cognizable claim under 28 U.S.C. § 2255 based on *Havis* or *Powell*, as non-constitutional challenges to an advisory guideline range do not entitle a defendant to habeas relief.  *See Snider v. United States*, 908 F.3d 183, 189-91 (6th Cir. 2018).  Additionally, the Sixth Circuit has recently held that "misapplication-of-the-guidelines-range claims are not cognizable on collateral review." *Bullard v. United States*, 937 F.3d 654, 659-61 (6th Cir. 2019).

Circuit did not amend the guideline but only rejected the Sentencing Commission's interpretation of it.

With respect to Defendant's request for compassionate release, the Sixth Circuit recently held that while the administrative exhaustion requirements in § 3582(c)(1)(A) are not jurisdictional, they are mandatory. *United States v. Alam*, -- F.3d --, 2020 WL 2845694, at *1-2 (6th Cir. June 2, 2020). In *Alam*, the Sixth Circuit rejected the defendant's argument that the unprecedented COVID-19 pandemic justifies an exception to the statute's exhaustion requirement. *Id*. at 4. The court reasoned that "[t]hirty days hardly rises to the level of 'an unreasonable or indefinite timeframe[]'" to require a defendant to wait to seek relief in federal court. *Id*. (quoting *McCarthy v. Madigan*, 503 U.S. 140, 147 (1992)).

The Government has invoked the exhaustion requirement as a basis for denying Defendant's motion. (*See, e.g.*, ECF No. 38 at Pg ID 153.) Defendant contends in his reply brief that exhaustion is no longer a barrier to relief because thirty days has now passed since he first asked the Court to grant him compassionate release. (*See* ECF No. 45 at Pg ID 403.) Defendant argues that his request and the Government's step to obtain his medical records from the BOP "put[] the BOP on notice of [his] request for release." (*Id.* at Pg ID 404.) This is not the format for submitting an administrative request to the warden that the BOP has established, *see* https://www.bop.gov/policy/progstat/5050_050_EN.pdf at

4

§ 571.61(a), and the Court believes that the administrative requirement is what must be satisfied before a defendant may move on his or her own behalf in federal court.

Therefore, based on *Alam*, the Court concludes that it must deny without prejudice Defendant's request for compassionate release. Defendant may renew his motion before this Court after following the BOP's procedures for making a request to the warden and then waiting the required thirty days.

For the reasons stated,

**IT IS ORDERED** that Defendant's Motion for Retroactive Application of Sentencing Guidelines to Drug Offense (ECF No. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Request for Compassionate Release (ECF No. 33) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 11, 2020